885 F.2d 865
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Kermit L. NEWMAN, Plaintiff-Appellant,
v.
Otis R. BOWEN, Secretary, Department of Health and Human
Services, Defendant-Appellee.
 No. 88-2209.
 United States Court of Appeals, Fourth Circuit.
 Argued June 6, 1989.
Decided Sept. 8, 1989.
 
 Deborah Kay Garton (Hensley, Muth, Garton and Hayes on brief) for appellant.
 Gary S. Simpson, Assistant Regional Counsel (Beverly Dennis, III, Chief Counsel, Region III, Charlotte Hardnett, Chief, Social Security Litigation Division, Office of the General Counsel, Department of Health & Human Services, Michael W. Carey, United States Attorney, Stephen M. Horn, Assistant United States Attorney on brief) for appellee.
 Before ERVIN, Chief Judge, SPROUSE, Circuit Judge, and MICHAEL, United States District Judge for the Western District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Kermit Newman, now an adult totally disabled by a variety of ailments, appeals from a decision affirming the Social Security Administration's (SSA) denial of child's insurance benefits. The magistrate found substantial evidence to support the SSA's conclusion that Newman remained capable of medium work through age 21. We believe the record warrants more detailed findings by the SSA on Newman's capacity for work and, particularly, his prospects for absenteeism, and therefore remand.
 
 I.
 A.
 
 2
 Newman applied for child's insurance and supplemental security income (SSI) benefits on June 25, 1984. Newman was then 25 years old. At the second SSA hearing on Newman's application, the ALJ rendered an SSI award but denied child's insurance benefits.
 
 
 3
 The ALJ found Newman to have been impaired by juvenile diabetes and hypertension while eligible for child's insurance, that is, before he reached the age of 22, but determined that Newman "retained the residual functional capacity to perform the exertional requirements of medium work." The ALJ also found that Newman's exertional and nonexertional limitations left him with a significant number of job opportunities. The judge accordingly found Newman not disabled before attaining age 22, and so ruled him ineligible for child's insurance benefits.
 
 B.
 
 4
 Born on July 22, 1958, Newman developed juvenile diabetes at age 6 or 7, and hypertension sometime afterward, though well before he turned 22. The ALJ found what the Secretary has not contested, that Newman is now disabled by a variety of consequences of these ailments.
 
 
 5
 Our attention is on Newman's condition through July 22, 1980, his 22nd birthday. Newman has never worked, though he graduated from high school in 1980, when he was 21. He tried to complete a one-year vocational course at a local college, but could not do so despite two years' effort. Newman's IQ was about 92, in the middle of the average range, through the relevant period. Newman, however, suffered from a learning disability that, combined with his physical problems, accounts for his late graduation from high school. Newman's IQ, and his cognitive and motor functions generally, declined markedly after 1980, and his IQ is now 64 or below.
 
 
 6
 The most relevant evidence is that bearing on the severity of Newman's diabetes and hypertension into 1980 and on the reasons for the severity. Because of inattention by Newman and poor supervision by his parents, Newman's diabetes was in especially poor control during 1972-73, when Newman was 14 and 15 years old. The family's management of Newman's diabetes improved thereafter, though not much. A 1980 report from Dr. Wills, the last report given before Newman turned 22, observes that Newman had neither followed his diet nor curbed his salt intake. Dr. Wills' August 28, 1981, report again stated that Newman was breaking his diet, eating a lot of sweets, playing tennis, and jogging about three miles a day. Each activity would complicate blood sugar regulation.
 
 II.
 
 7
 The heart of this appeal is the ALJ's finding that Newman could do medium work.[1] The heart of the finding is the ALJ's synthesis of the testimony of John Proffit, a vocational expert, and the evidence of Newman's incapacity.
 
 
 8
 Proffit reviewed the evidence and heard the other testimony. The ALJ then asked Proffit whether, given Newman's age and education and assuming Newman's capacity to do medium work with certain restrictions, any jobs existed for Newman in the national economy. Proffit replied that many jobs, among them dishwasher, custodian, or fast food service worker, met the posited criteria. The ALJ then asked Proffit to assume as well that Newman was subject to unpredictable absenteeism or would experience seizures, as he did beginning in 1984. Proffit responded that medium work would not exist in any significant quantity for Newman under these assumptions.
 
 
 9
 Because the ALJ found Newman could do existing medium work through age 21, he must first have found that the second set of assumptions he posed to Proffit applied after, but not before, Newman became 22. There is no evidence that Newman experienced seizures before 1984. The issue, then, is whether substantial evidence supports a finding that Newman was not subject to unpredictable absenteeism, and so was qualified for existing jobs, while eligible for child's insurance. We believe the ALJ may have failed to address evidence in Newman's favor, and remand for rehearing on Newman's absenteeism.
 
 
 10
 The ALJ found convincing evidence that Newman's absenteeism would not have been a problem for an employer. Particularly persuasive to the ALJ was evidence that "when seen [by Dr. Wills] in April 1980 the claimant was a full time high school student and was also attending Bluefield State College" and that "[i]n August 1981 [Newman] was jogging and playing tennis and in May 1983 was continuing to job approximately three miles daily."
 
 
 11
 The ALJ apparently gave no weight to contradictory evidence, much of which appears in the same reports cited as proof that Newman's absenteeism would be acceptable. Dr. Wills' reports and other evidence indicate that the dual high school--college curriculum put Newman under considerable stress, that Newman did not pass any college course, and that Newman's physical routine after reaching age 22 was frequently disrupted by the same maladies that Newman claims would have prevented employment. Newman testified that frequent absenteeism for medical reasons led to his late graduation from high school and his difficulties in the college vocational courses.[2] With no explanation of why the ALJ totally discounted evidence of frequent and unpredictable absenteeism, we cannot conclude that substantial evidence supports his finding that Newman could find substantial gainful employment.
 
 III.
 
 12
 For the foregoing reason, we reverse and remand to the district court for remand to the SSA for a hearing on whether Newman's impairments prevented him from securing substantial gainful employment.[3]
 
 
 13
 REVERSED AND REMANDED.
 
 
 
 [1]
 We find no basis for reversal in Newman's contentions that the ALJ erred in resolving credibility issues and in not specifically addressing his claim under 20 C.F.R. Ch. III, Part 404, Subpt. P. App. 2, Sec. 109.08, a provision Newman appears not to have raised before the SSA or the district court
 
 
 [2]
 Newman said he had been absent about thirty days during his senior year in high school, and that he did not receive a diploma from Bluefield State College because he had missed too many days of school. Newman's father also testified that Newman had missed many days of school because of his uncontrolled diabetes, and that the child's nerves and emotional problems aggravated his condition. The office notes of Dr. D.R. Wills, a treating physician, indicate that the dual curriculum put Newman under considerable stress, and that Newman had been unable to pass a college course
 
 
 [3]
 The parties may, if they choose, submit additional evidence bearing on the issue at the rehearing
 The magistrate did not conclude, as the district court did, that Newman's and his parents' noncompliance with recommended medical treatments warranted denial of child's insurance benefits under 20 C.F.R. Sec. 404.1530. The ALJ's finding of impairment from diabetes and recurrent hypoglycemic episodes implies that the ALJ did not find evidence of noncompliance so substantial as to warrant denying Newman the benefit of a finding of impairment, a necessary step toward a finding of compensable disability. We doubt that the SSA regulations contemplate denying benefits to a minor because of his parents' noncompliance with doctors' recommendations. The ALJ may, if the evidence bears it out, address the issue of whether Newman's absenteeism problem traces to Sec. 404.1530 noncompliance rather than to the inevitable consequences of the impairments.